# Third District Court of Appeal

## State of Florida

Opinion filed May 3, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1698
Lower Tribunal No. 15-28448
_____

**Pedro J. Garcia, etc., et al.,**
Appellants,

vs.

**Dadeland Station Associates, Ltd.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Abigail Price-Williams, Miami-Dade County Attorney, and Jorge Martinez-Esteve and Bruce Libhaber and Daija Page Lifshitz, Assistant County Attorneys, for appellants.

Kopelowitz Ostrow, and Julie Feigeles and John J. Shahady (Fort Lauderdale), for appellee.

The Levy Law Firm and Loren E. Levy and Jon F. Morris, for The Property Appraisers' Association of Florida, Inc., as amicus curiae.

Before LAGOA, SALTER and FERNANDEZ, JJ.

SALTER, J.

Miami-Dade County, its Property Appraiser, and its Tax Collector (collectively, the "County"), appeal an adverse final summary judgment in favor of Dadeland Station Associates, Ltd. ("Dadeland Station") regarding the County's property tax assessment of the land ("Land") leased by Dadeland Station from the County in 1994. We affirm the trial court's determination that the County improperly assessed and collected property taxes from Dadeland Station on the Land based on the County's flawed extrapolation from controlling precedent.

Dadeland Station constructed substantial buildings and other improvements on the Land leased from the County, but those improvements have continuously been separately assessed and taxed by the County. In the present case, the County apparently sought to modify well-settled law by asserting a claim that Dadeland Station was the "equitable owner" of the Land beneath the improvements, such that Dadeland Station should be taxed on the Land as well as the improvements.

From 1994 until 2014, the Land was assessed in the County's name and was immune from property tax. In 2014, however, the Supreme Court of Florida issued its opinion in Accardo v. Brown, 139 So. 3d 848 (Fla. 2014). Accardo held that a lessee is considered the equitable owner of land held pursuant to a "perpetually renewable" lease, because the lessee's interest under such a lease "is not materially different from the interest of a lessee under a lease for a term of years providing

2

the right for the lessee to obtain title for nominal consideration upon the termination of the lease." Id. at 856. Concluding that the Accardo decision broadly expanded the reach of "equitable ownership," the County issued an assessment to Dadeland Station for 2015 property taxes on the Land. Dadeland Station paid the taxes under protest and filed a suit to recover the payment under section 194.171, Florida Statutes (2015).[1]

The County's interpretation overreached. Accardo did not expand "equitable ownership" in terms that would apply to Dadeland Station's 90-year lease of the Land. That lease did not include a nominal purchase option or perpetual rights of renewal. After Accardo, a circuit court in Escambia County found equitable ownership by a lessee under a 99-year lease that included a right to negotiate a renewal on terms mutually agreeable to the parties, but the First District reversed that decision:

> This is not a case entailing the taxation of land where the lessee has the right to the perpetual renewal of its lease, the lessee has the right to purchase the property for nominal consideration at the end of the lease, the lessor holds legal title merely as security, or the lessee otherwise has perpetual dominion over the property.

---

[1] Dadeland Station also made a claim that section 5.01 of the lease obligated the County to bear any real estate taxes "assessed, levied, confirmed, imposed upon or becoming a lien upon any part of the Land," and that no change in the Florida Constitution or statutes had occurred to alter that provision. That claim, count II of Dadeland Station's complaint, was dismissed as moot as part of the final summary judgment.

Island Resorts Invs., Inc. v. Jones, 189 So. 3d 917, 922 (Fla. 1st DCA), review denied, SC16-1007, 2016 WL 3961178 (Fla. July 21, 2016).

Dadeland Station's lease of the Land also lacks the indicia of equitable ownership described in Island Resorts Investments, Inc. and Accardo. The trial court correctly entered a final summary judgment in favor of Dadeland Station.

Affirmed.